Decided 10 July, 1899.

## WESTERN INVEST. CO. *v.* FARMERS' NAT. BANK.

[57 Pac. 912.]

1. PLEADING—SURVEYS NOT CONCLUSIVE AS TO CHARACTER OF LAND.—An allegation in a pleading that the lands described border upon and lie in what is known and platted upon the government survey as "Tule Lake, and the borders of said Tule Lake were in said survey meandered·by the United States surveyor," is not an allegation that Tule Lake was or is a body of water; both because it is not so stated, and because the fact of its having been meandered does not show it to have been a lake.

2. SWAMP LAND—INCONCLUSIVE EVIDENCE.—A copy of the plat of the public survey, showing that a certain portion of a township was not sectionized, but was meandered and designated as "Tule Lake," is insufficient to show that such lake is or was a body of water, when considered with a stipulation that the United States Land Department has held the portion so designated to be swamp and overflowed land, granted to the state by the act of congress of March 12, 1860.

3. JUDICIAL NOTICE—SURVEYS OF PUBLIC LANDS.—Judicial notice will be taken of government surveys and the manner in which they are required to be made, but not of the character of the territory over which they have been extended, unless a part of the prominent geographical features of the country.

From Union : ROBERT EAKIN, Judge.

Suit by the Western & Hawaiian Investment Company against the Farmers' & Traders' National Bank of La Grande and others. The case presents a question of priority between mortgagees. The plaintiff's mortgage was executed on the fourteenth of August, 1893, and the land described therein is a portion of what is known as "Tule Lake," in Union County, while that of the defendant bank is dated July 30, 1891, and covers certain lands bordering on the meander line thereof as surveyed

by the general government.   The defendant claims that at the time of such survey, and of the sale and disposition by the general government of the land covered by its mortgage, Tule Lake was a non-navigable body of water, and its mortgage covers, not only the uplands, but extends below the meander line to the middle of the lake, and, being prior in time, it is, as a consequence, prior in right to the lien of the plaintiff's mortgage.   The plaintiff, on the other hand, contends and alleges that Tule Lake was not at such time, or at any other time, a non-navigable body of water, but was and is swamp and overflowed land, granted to the state by the act of congress of March 12, 1860 ;  and this is the controlling question of fact in the case.

There was no oral evidence whatever given at the trial. A stipulation of facts, together with a copy of the plat of the land in dispute, and some deeds and conveyances, constitute the evidence upon which the cause was tried and determined.   The stipulation shows that in October, 1863, the township in which the property in controversy is situate, was surveyed by the government of the United States.   Subsequently an official plat of such survey was made, and filed in the office of the Surveyor-General, from which it appears that a part of the township, containing some twelve or fifteen hundred acres, was meandered, without being sectionized or subdivided, and is distinguished from other portions of the plat by irregular meander lines, within which is written:   "Tule lake. Caused by beaver dams.   Shallow."   Bordering on this meander line is the property described in the defendant's mortgage, which was on April 9, 1864, selected by the state under the act of congress of September 4, 1841, and approved by the general government during the year 1867.   On November 6, 1871, the state conveyed the land referred to to one Childers, and he to Gates and

wife, who, after executing the mortgage now owned by the defendant bank, conveyed it on April 27, 1892, to the defendant Nodine, who stipulated and agreed, as a part of the consideration, to pay the Gates mortgage. On the twenty-ninth of January, 1873, the state filed in the general land office a list of swamp and overflowed lands claimed to have been granted to it by the act of congress of March 12, 1860, including the bed of Tule Lake, and this selection was approved by the Commissioner of the General Land Office. In 1889 the state sold and conveyed the Tule Lake land so selected to the defendant Nodine, who mortgaged it to the plaintiff. The title of the state was thereafter contested on the ground that the land was not in fact swamp and overflowed land on March 12, 1860, and at the time of the trial of this suit the matter was pending on appeal before the Secretary of the Interior from a decision of the Commissioner of the General Land Office in favor of the state. The trial court found that what is described in the public surveys as "Tule Lake" was not at the time such survey was made, and is not now, a body of water, but was and is swamp and overflowed land, and entered a decree in favor of the plaintiff. From this decree the bank appeals.                              Affirmed.

For appellant there was a brief and an oral argument by *Mr. J. D. Slater.*

For respondent there was a brief over the name of *Fenton, Bronaugh & Muir*, with an oral argument by *Mr. William T. Muir* and *Mr. Earl C. Bronaugh Jr.*

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

1.   The decree of the court below must be affirmed. The mortgages of the plaintiff and defendant do not, on their face, cover the same property.   If any conflict exists between them, it is because the property described in defendant's mortgage abuts on a non-navigable body of water.   This is denied by the plaintiff, and thus an issue of fact is presented.   Upon this issue the burden of proof is on the defendant, and it has failed to sustain its claim either by the allegations of its answer or by the evidence.   The averment of the answer is "that the lands described in the defendant's said mortgage border upon and lie in what is known and platted upon the said surveys as Tule Lake, and the borders of said Tule Lake were, in said surveys, meandered by the United States surveyor, and the meander line of said lake, as shown by the field notes and plat of said survey on file in the United States Land Office, and in the office of the Surveyor-General of Oregon, were and are as follows."   In view of the contention of the parties, and of the real issue sought to be litigated, this averment ought not, it seems to us, to be construed as an allegation that what is known and platted upon the public surveys as "Tule Lake" was or is a body of water.   It is not so stated, and the mere fact that it was meandered is by no means conclusive on that point:   *Grant* v. *Hemphill*, 92 Iowa, 218 (59 N. W. 263).

2.   But, conceding the pleadings to be sufficient, the only evidence on the question is a copy of the plat of the public survey, which shows that a certain portion of the township was not sectionized, but meandered and designated as "Tule Lake," and the stipulation that the land department of the general government has held the

portion so designated to be swamp and overflowed land granted to the state by the act of March 12, 1860.   Any claim that can be made for the plat as *prima facie* evidence is manifestly overcome by the ruling of the land department that the disputed tract was in fact swamp and overflowed land.   So that from the record it is impossible to determine the question in controversy, even if it is a proper subject of judicial inquiry while the matter is pending on appeal to the Secretary of the Interior.

3.   The court will take judicial notice of the government surveys, and the manner in which they are required to be made (*Atwater* v. *Schenck*, 9 Wis. 164), but not of the character of the territory over which they have been extended, unless a part of the prominent geographical features of the country.   In this case the defendant bank claims that Tule Lake was a non-navigable body of water, and bases its prayer for relief on this fact, while the plaintiff contends and alleges that it was not a body of water at all, but swamp and overflowed land. This presents a clear cut issue of fact, which can only be determined from testimony, and not from the judicial knowledge of the court.   It follows, therefore, that, whatever the right of the owner of property bounded by a non-navigable lake may be, the judgment of the court below must be affirmed, because there is no proof in the record that Tule Lake is or was a body of water.

AFFIRMED.